APPEAL OF MATTIE COWELL AND MONA COWELL, EXECU-
TRICES OF THE ESTATE OF ROBERT COWELL, DECEASED.

Docket No. 691.   Submitted July 10, 1925.   Decided January 26, 1926.

> The March 1, 1913, value of certain stock sold by the decedent
> July 1, 1919, determined.

*B. B. Pettus* and *Wilton H. Wallace, Esqs.,* for the taxpayer.
*Robert A. Littleton, Esq.,* for the Commissioner.

Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income
tax for the year 1919 in the amount of $22,531.61. The question
involved is the gain realized by the decedent on the sale of certain
stock in 1919.

### FINDINGS OF FACT.

The petitioners are the duly appointed executrices of the estate
of Robert Cowell, late of Omaha, Nebr., who died June 20, 1924. On
March 1, 1913, he owned 40 shares of stock in Thomas Kilpatrick
& Co., a corporation organized in 1895 under the laws of Nebraska
and engaged in the retail mercantile business in Omaha. The
decedent was one of the original incorporators. The stock of the
company was closely held by persons connected with the active
conduct of the business. Under the by-laws no stockholder could
dispose of his holdings without giving the company the prior option
to purchase, and if the company bought the stock it was required
to then offer it to other stockholders in proportion to their respec-
tive holdings. The original capital stock consisted of 100 shares of
$1,000 par value. All increases in the outstanding capital stock were
by means of stock dividends. Such dividends were declared prior
to 1913 to the extent of 100 per cent, making the par value of stock
outstanding on March 1, 1913, $200,000.

In June, 1916, the decedent purchased from the estate of Thomas
Kilpatrick 24 shares of the stock at $1,400 per share—a total cost
of $33,600—thus giving him a total stock ownership of 64 shares,
which was increased in November, 1917, to 128 shares by a 100 per
cent stock dividend. He sold this stock July 1, 1919, for $1,390
a share, making a total of $177,920.

At the time the decedent acquired the additional stock in 1916,
the Kilpatrick estate sold stock to other persons then actively con-
nected with the company at $1,400 a share. The beneficiary of the
estate had means independent of her interest in the estate and
accepted as a fair criterion the price that Kilpatrick had received

on a sale of five shares to one Kayser in 1912, which value was an approximation of the book value on February 1, 1912. The only other sale of stock between 1908 and those in 1916 was one to Kayser, in the former year, at $800 a share.

The net income of the company for the following years was:

| | |
|---|---|
| 1913 | $36,527.09 |
| 1914 | 17,162.30 |
| 1915 | 26,030.40 |
| 1916 | 79,597.48 |
| 1917 | 77,065.79 |
| 1918 | 63,723.79 |
| 1919 (4 months) | 37,953.65 |

The book value of the tangible assets of the company on March 1, 1913, was $301,986.62. The value of the intangible assets on that date was $80,802.41. The total value of the outstanding stock on March 1, 1913, was $382,789.03.

The fair market value of the 40 shares of stock owned by the decedent on March 1, 1913, was $76,557.80, which exceeded the cost thereof.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact and the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

MORRIS: Two errors were alleged by the taxpayer in the determination as made by the Commissioner; first, that no consideration was given to appreciation in the value of real estate between the date of acquisition and March 1, 1913, in determining the March 1, 1913, value of the stock; and, second, that cost instead of June, 1916, value was used as the basis for the determination of the gain realized from the sale of the 24 shares acquired by purchase at that date.

The second contention is readily disposed of by the mere reference to the language of the Revenue Act of 1918, section 202 (a) (2), which provides that in the case of property acquired on or after March 1, 1913, the cost shall be the basis for the purpose of ascertaining the gain derived from the subsequent sale thereof.

With reference to the other contention, we are not convinced, on the evidence submitted, that the real estate had a greater value on March 1, 1913, than the value found by the Commissioner and appearing on the company's books. Some of the property was acquired by the company at dates shortly prior to 1913, and the

actual cost at those dates is more conclusive as to the value on March 1, 1913, than the opinion evidence advanced by the taxpayer in support of a greater value.

The real appreciation in the value of the real estate, which was considered by the decedent in determining his sales price of $1,390 a share, occurred subsequent to 1913, and accompanied the general trend of higher values which took place from 1914 on.

The Commissioner allowed a good will valuation of $73,530.20 for the entire capital stock outstanding on March 1, 1913, which should be increased to $80,802.41, as set forth in the findings of fact, and the deficiency should be computed on the facts therein found.