*433 OPINION.
Moeris
: Two errors were alleged by the taxpayer in the determination as made by the Commissioner; first, that no consideration was given to appreciation' in the value of real estate between the date of acquisition and March 1, 1913, in determining the March 1, 1913, value of the stock; and, second, that cost instead of June, 1916, value was used as the basis for the determination of the gain realized from the sale of the 24 shares acquired by purchase at that date.
The second contention is readily disposed of by the mere reference to the language of the Revenue Act of 1918, section 202 (a) (2), which provides that in the case of property acquired on or after March 1, 1913, the cost shall be the basis for the purpose of ascertaining the gain derived from the subsequent sale thereof.
With reference to the other contention, we are not convinced, on the evidence submitted, that the real estate had a greater value on March 1, 1913, than the value found by the Commissioner and appearing on the company’s books. Some of the property was acquired by the company at dates shortly prior to 1913, and the *434 actual cost at those dates is more conclusive as to the value on March 1, 1918, than the opinion evidence advanced by the taxpayer in support of a greater value.
The real appreciation in the value of the real estate, which was considered by the decedent in determining his sales price of $1,390 a share, occurred subsequent to 1913, and accompanied the general trend of higher values which took place from 1914 on.
The Commissioner allowed a good will valuation of $73,530.20 for the entire capital stock outstanding on March 1, 1913, which should be increased to $80,802.41, as set forth in the findings of fact, and the deficiency should be computed on the facts therein found.